**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EMMA HALL, et al.,

       Plaintiffs,

v.                            Case No. 04-CV-73103-DT

DAIMLER CHRYSLER CORPORATION, et al.,

       Defendants.

_____/

**ORDER GRANTING DEFENDANT'S "MOTION TO DETERMINE ERISA STATUS"**

Before the court is Defendant Daimler Chrysler Corporation's ("Daimler Chrysler's") May 2, 2005 "Motion to Determine ERISA Status."[1]  Plaintiffs filed their response to Defendant's motion on May 17, 2005 and Defendant filed its reply brief on May 27, 2005.  The court has determined that no hearing is required in this matter.  E.D. Mich. LR 7.1(e)(2).  For the reasons set forth below, the court concludes that Daimler Chrysler's Incentive Plan for Retirement ("IPR") is plan covered by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002.

**I.  BACKGROUND**

In January 2001, Daimler Chrysler and United Auto Workers ("UAW") met to negotiate a voluntary early retirement program to protect hourly UAW-represented employees who had been laid off or were facing a layoff.  (Def.'s Mot. at 1; Pls.' Resp. at 10.)  From the onset of those discussions, the parties agreed that not all plant

_____

[1] On April 11, 2005, the court ordered Defendants to submit a "Motion to Determine ERISA Status" as a preliminary legal issue to be determined by the court.

locations would be offered the same programs and, where there was no need, programs may not be offered at all. (*Id.*)  In early 2001, the parties concluded their negotiations of the IPR and, in a document dated March 12, 2001, the IPR was enacted as an "Amendment to 1999 Daimler Chrysler Corporation - UAW Pension Agreement." (Def.'s Mot. at Ex. 1.)  The parties agreed to apply the IPR retroactively to those workers who either retired at the end of January 2001 from a specified location included in the 2001 plan, or who had already signed and submitted all necessary retirement documents, but who had not yet retired by the time the IPR was announced at that location. (*Id.* at 1, Ex. 1.)  In January 2002, the parties reconvened to develop a 2002 calendar year plan.  Similar to the 2001 calendar year plan, these program offerings were retroactive to January 31, 2002. (*Id.* at 2, Ex. 1.)

Plaintiffs are 2001 retirees from the Warren Stamping and Sterling Heights plants, where an IPR was not offered until 2002. (Def.'s Mot. at 1; Pls.' Resp. at 11.) Plaintiffs allege, however, that "in March 2001, a Warren Stamping and Sterling Heights Plant Representative, along with other Region 1 Benefit Representatives, were called 'downtown' to talk about the 'buyout program.'" (Pls.' Resp. at 11.)  Plaintiffs allege that "according to the representative, his superiors, and the program directors verbally stated to him that when the program came to the stamping plants, it would be applied retroactively to January 2001." (*Id.*)  When the program was offered to the Sterling Heights Plant and the Warren Stamping Plant in March 2002, it was not applied retroactively to those employees who retired in 2001, but was applied only retroactively to January 31, 2002. (*Id.,* Def.'s Mot. at 2, Ex. 1.)

2

Plaintiffs have brought numerous claims against Defendants, including promissory estoppel, unjust enrichment, and breach of fiduciary duty. (Pls.' Compl. ¶¶ 1-139.) Defendants, however, contend that the IPR is an employee benefit plan covered by ERISA which would preempt any state common law tort and contract claims. (Def.'s Mot. at 3.)

## II.  DISCUSSION

ERISA's coverage extends to "'any employee benefit plan' under ERISA which is defined as an 'employee welfare benefit plan,' an 'employee pension benefit plan,' or a 'plan which is both.'" *Shahid v. Ford Motor Co.*, 76 F.3d 1404, 1409 (6th Cir. 1996) (citing ERISA § 3(3), 29 U.S.C. § 1002(3)). ERISA defines an "employee pension benefit plan" or "pension plan" as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-
>
> > (i) provides retirement income to employees, or
> > (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
>
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002 (2)(A).

Under the express language of § 1002(2)(A), the IPR at issue in the instant case constitutes an employee pension benefit plan covered by ERISA. In accordance with 29 U.S.C. § 1002(2)(A), the IPR provides that "a lump sum payment [will be made to retiring employees] from the Pension Fund established under the Pension Agreement."

3

(Def.'s Mot. at Ex. 1.)  The IPR also states that "the eligibility requirements . . . 'may be amended from time to time by the parties'" and it also sets forth the "methods of payment" for the plan.  (*Id.*)  Moreover, the IPR is titled an "Amendment to 1999 Daimler Chrysler Corporation - UAW Pension Agreement" and states that it "shall be construed and applied as if the Amendment were therein incorporated."  (*Id.*)  These aspects of the IPR all relate to 29 U.S.C. § 1002(2)(A).

In addition, the Eleventh Circuit has provided the following:

> In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of funding, and procedures for receiving benefits.

*Donovan v. Dillingham*, 688 F. 2d 1367, 1373 (11th Cir. 1982).  The Sixth Circuit, in *Brown v. Ampco-Pittsburgh Corp.*, 876 F. 2d 546, 551 (6th Cir. 1989), adopted the Eleventh Circuit approach described above.  The IPR program meets the requirements set out in *Brown* in that a reasonable person could ascertain that (1) the intended benefits are the incentives provided in IPR offer letter; (2) the beneficiaries are the hourly employees who meet the age and payroll requirements as listed in the IPR offer letter; (3) the source of funding is the pension plan as stated in the IPR offer letter; and (4) the procedures for receiving the benefits are to sign and return the letter by the designated deadline, as stated in the IPR offer letter.  *Id.*

Plaintiffs assert that the "pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits."  (Pls.' Resp. at 14.)  The Sixth Circuit has indeed noted that "the hallmark of an ERISA benefit plan is that it requires 'an ongoing administrative program to meet the

4

employer's obligation.'" *Swinney v. General Motors Corp.*, 46 F. 3d 512, 517 (6th Cir.

1995) (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11, 107 (1987)).

Additionally, the *Fort Halifax Packing Co., Inc.* Court stated that:

> The requirement of a one-time, lump-sum payment triggered by a single
> event requires no administrative scheme whatsoever to meet the
> employer's obligation.  The employer assumes no responsibility to pay
> benefits on a regular basis, and thus faces no periodic demands on its
> assets that create a need for financial coordination and control.  Rather,
> the employer's obligation is predicated on the occurrence of a single
> contingency that may never materialize.  The employer may well never
> have to pay the severance benefits.  To the extent that the obligation to
> do so arises, satisfaction of that duty involves only making a single set of
> payments to employees at the time the plant closes.  To do little more
> than write a check hardly constitutes the operation of a benefit plan.
> Once this single event is over, the employer has no further responsibility.
> The theoretical possibility of a one-time obligation in the future simply
> creates no need for an ongoing administrative program for processing
> claims and paying benefits.

*Fort Halifax Packing Co., Inc.*, 482 U.S. at 12.

Although Plaintiffs argue that the IPR does not constitute a continuing

administrative scheme because it offers a lump sum payment option, they have cited no

authority that precisely defines the parameters of an ongoing administrative scheme.  In

addition, the court notes that the *Simas v. Quaker Fabric Corp. of Fall River*, 6 F.3d 849

(1st Cir. 1993), court acknowledged that:

> There is no way to be certain exactly where it would draw the line. . .  Our
> sister circuits have generally read *Fort Halifax* as emphasizing the
> mechanical, one-time nature of the severance payments, have applied the
> decision to protect schemes akin to the statute [at issue in *Fort Halifax*],
> and have ceased to apply the decision where the state statute or employer
> promise involved ongoing obligations materially beyond those present in
> *Fort Halifax*.

*Id.* at 853-54.  Moreover, the *Swinney* court has stated that:

> Simple or mechanical determinations do not necessarily require the

establishment of such a scheme; rather an employer's need to create an
administrative system may arise where the employer, to determine the
employees' eligibility for and level of benefits, must analyze each
employee's particular circumstances in light of the appropriate criteria.

*Swinney,* 46 F. 3d at 517 (emphasis added) (citing *Sherrod v. General Motors Corp.*, 33

F.3d 636, 638 (6th Cir.1994)).

In their attempt to separate the IPR from the ERISA plan that it amends, Plaintiffs

have placed unwarranted emphasis on the concept of an administrative scheme or lack

thereof.  The 2002 IPR scheme is not as finite in time as described by Plaintiffs.  The

IPR offered retiring employees the option to receive a lump sum payment *or a lifetime*

*monthly pension benefit.*  (2002 IPR Offer Letter at 1.)  The IPR also provided that

retiring employees would "receive regular 'employee option' pension benefits, subject to

the early retirement age reduction percentages and other relevant terms and conditions

contained in the Daimler Chrysler Corporation UAW Pension Plan."  (*Id.*)

As discussed above, the IPR is an employee benefit plan covered by ERISA

pursuant to *Brown.  Brown*, 876 F. 2d at 551.  Accordingly,

### III.  CONCLUSION

IT IS ORDERED, that Defendants' "Motion to Determine ERISA Status" [Dkt.

#24] is GRANTED and the court deems the IPR at issue to be covered by ERISA.



   S/Robert H. Cleland                   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  August 16, 2005

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 16, 2005, by electronic and/or ordinary mail.

                    S/Lisa G. Teets
                    Case Manager and Deputy Clerk
                    (313) 234-5522